UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON HAMILTON,

                              Plaintiff,

                                                                                             Case # 14-CV-6554-FPG

v.

                                                                                             DECISION & ORDER

TODD SLOANE, Senior Vice President of
Publishers Clearing House,

                              Defendant.

---

*Pro se* Plaintiff Sharon Hamilton filed this action alleging that Defendant Todd Hamilton, Senior Vice President of Publishers Clearing House, has violated her rights by sending her a misleading notice. ECF No. 1. By Decision & Order dated October 30, 2014, this Court ordered, pursuant to 28 U.S.C. § 1915(e)(2)(B), that the Complaint be dismissed for lack of federal jurisdiction.[1] ECF No. 3. Plaintiff has now submitted a letter "motion for relief from summary judgment" (ECF No. 5), which I liberally interpret and construe to be a Motion for Reconsideration, given that she is handling this matter *pro se*. For the reasons set forth herein below, I deny the motion.

## DISCUSSION

The Federal Rules of Civil Procedure do not explicitly provide for the filing of a motion for reconsideration of a court's prior orders, judgments, or decrees, however, such motion are generally considered either under Fed. R. Civ. P. 59(e)[2] or 60(b).[3] The Local Rules of Civil

---

[1] The Court, however, did grant Plaintiff *in forma pauperis* status because she met the statutory requirements for *in forma pauperis* status. ECF No. 3.
[2] Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Procedure of the Western District of New York provide that "[a] motion for reconsideration or reargument, unless governed by Federal Rule of Civil Procedure 60, shall be treated as falling within the scope of Federal Rule 59(e)." L. R. Civ. P. 7(d)(3). Notwithstanding the absence of specific language, the accepted standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). A court may grant reconsideration where the movant demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d at 52 (internal citation omitted). The decision whether to grant a motion for reconsideration rests within the "sound discretion of a district court judge." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *see McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

Plaintiff has failed to meet this standard. Even upon a cursory reading of the letter motion, it is clear that Plaintiff has not offered any new arguments or evidence for the Court's consideration, or pointed to any law that the Court may have overlooked in reaching its prior determination but, instead, has only reiterated her stated belief and position that she was

---

[3] Rule 60(b) outlines the six reasons for which a court "[o]n motion and just terms" … "may relieve a party or its legal representative from a final judgment, order, or proceeding."

2

wrongfully misled by Defendant, thereby, warranting legal redress. In this regard, Plaintiff, again, states her belief that Defendant committed fraud based upon advertisements on national TV and the internet, and a mailing she received, all of which led her to believe that she would be the awarded winner of $5,000.00 a week for life. Unfortunately, for Plaintiff, the strict standard by which the motion must be measured dictates that the motion be denied. Consequently, this Court discerns no valid reason for the exercise of its discretion.

## CONCLUSION

For the reasons stated herein above, Plaintiff's Motion for Reconsideration (ECF No. 5), is DENIED in all respects.

IT IS SO ORDERED.

Dated: Rochester, New York
November 17, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge